Martin J. COLEMAN, III,
et al., Plaintiffs,

v.

**FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver for First Mutu-
al Bank for Savings, Defendant.**

Civ. A. No. 91–12760–H.

United States District Court,
D. Massachusetts.

March 25, 1993.

Joseph L. Duffy, Jr., Hingham, MA, David
R. Kerrigan, Mahoney, Hawkes & Goldings,
Boston, MA, for plaintiffs.

Brian E. Pastuszenski, Mark K. Schonfeld, Spencer C. Demetros, Testa, Hurwitz & Thibeault, G. Matthew Kerns, Daniel P. Dacey, Marsh, Moriarty, Ontell & Dacey, P.C., Boston, MA, for defendant.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The Plaintiffs filed their original Complaint in this action on June 11, 1991 in Middlesex Superior Court, alleging various torts arising out of the breach of two agreements by First Mutual Bank for Savings ("First Mutual").[1] The first agreement was an alleged June, 1990 workout agreement relating to a defaulted $6.2 million loan for the development of a condominium project in Hull, Massachusetts ("Sunset Cove"). The other agreement was an alleged forbearance agreement relating to defaulted loans secured by mortgages on seven rental properties in Waltham, Massachusetts. The action was later removed to this Court. On June 28, 1991, upon the failure of First Mutual, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver. As a result, the Plaintiffs were required to submit any claims they may have had against First Mutual to the FDIC's administrative claims process before they could pursue such claims in this Court. See 12 U.S.C. §§ 1821(d)(6) and 1821(d)(13)(D). The FDIC set October 1, 1991 as the deadline for filing proofs of claim.

The Plaintiffs filed their proof of claim with the FDIC on September 10, 1991, attaching their original Complaint to depict their claims against the FDIC as receiver for First Mutual. After the FDIC denied the Plaintiffs' administrative claim, the Plaintiffs advanced their action in this Court, subsequently filing an Amended Complaint. The FDIC contends that although the first two counts of the Amended Complaint were asserted in their entirety in the original Complaint, the remaining eight counts of the Amended Complaint (Counts III through X), either in whole or in part, assert new "lender liability" claims against the FDIC based on the new set of facts alleged in the Amended Complaint. As the FDIC notes, the Amended Complaint alleges for the first time that First Mutual took control of Sunset Cove, coerced the Plaintiffs to make payments on the Sunset Cove loan and to give First Mutual additional collateral to secure the loan, and impaired the value of the collateral securing the loan. The FDIC now moves to dismiss Counts III through X of the Amended Complaint on the ground that these claims constitute new claims that were not submitted to the FDIC administrative claim process.

■ The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") provides that no court may exercise jurisdiction over any claim against the FDIC as receiver unless the claimant has first submitted its claim to the FDIC administrative claim process. See 12 U.S.C. §§ 1821(d)(6) and 1821(d)(13)(D); Marquis v. FDIC, 965 F.2d 1148, 1151–52 (1st Cir.1992); FDIC v. Shain, Schaffer & Rafanello, 944 F.2d 129, 133 (3d Cir.1991). This Court therefore has no jurisdiction over claims and theories of recovery in the Amended Complaint that were not asserted in the original Complaint. In Count III (economic duress), Count IV (fraud in the factum), and Count V (impairment of collateral) of the Amended Complaint, the Plaintiffs assert entirely new causes of action based on entirely new facts. Count VIII (breach of fiduciary duties and obligations) and Count IX (interference with advantageous contractual relations) of the Amended Complaint have the same labels as counts in the original Complaint; however, the factual allegations and theories of relief in these counts are so different from those asserted in the original Complaint as to render them entirely new claims as well. Count VI (breach of covenant of good faith and fair dealing), Count VII (unfair and deceptive acts and practices), and Count X (rescission) incorporate factual allegations raised for the first time in the Amended Complaint and to that extent, they present new claims.

---

1. In their original Complaint, the Plaintiffs alleged two counts of breach of contract, and one count each of the following: unfair and deceptive acts and practices, fraudulent conspiracy, breach of fiduciary duties and obligations, breach of good faith and fair dealing, interference with advantageous contractual relations, and rescission.

Accordingly, the Court rules as follows: Counts III, IV, V, VIII and IX of the Amended Complaint are dismissed in their entirety; Counts VI, VII and X are dismissed to the extent that they make factual allegations not asserted in the original Complaint.

SO ORDERED.