**ALJAF ASSOCIATES LIMITED PARTNERSHIP**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION.**

Civ. A. No. 95–146.

United States District Court, E.D. Pennsylvania.

March 27, 1995.

---

Steven M. Coren, Philadelphia, PA and Warren L. Dennis, Washington, DC, for plaintiff.

Miles H. Shore, Veronica Winter–Saltz, Philadelphia, PA, for defendant.

### MEMORANDUM

BARTLE, District Judge.

Plaintiff, Aljaf Associates Limited Partnership ("Aljaf"), alleges that its former tenant, Meritor Savings Bank ("Meritor"), failed to maintain and repair the building it rented from Aljaf as required by the sublease agreement between them. The Federal Deposit Insurance Corporation ("FDIC") was appointed Meritor's receiver pursuant to 12 U.S.C. § 1821(c)(3)(A) prior to the institution of this lawsuit. This court has jurisdiction of this matter pursuant to 12 U.S.C. § 1821(d)(6) and 28 U.S.C. § 1332.

Aljaf's complaint alleges, among other things, that Meritor committed fraud by falsely certifying that it was in compliance with the maintenance provisions of the sublease. The FDIC has moved for summary judgment on plaintiff's fraud claim. It contends that Aljaf failed to exhaust the mandatory administrative remedy set forth in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), at 12 U.S.C. § 1821(d), before instituting suit on this claim. ·

■ Although the FDIC has denominated its motion as a motion for summary judgment, its sole argument is that this court lacks subject matter jurisdiction over plaintiff's fraud claim. A motion predicated on lack of subject matter jurisdiction is properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion to dismiss for lack of subject matter jurisdiction may be made at any time. *See* Fed.R.Civ. Proc. 12(h)(3); 2A Moore's Federal Practice ¶ 12.07. This court will therefore consider defendant's motion as one brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Section 1821(d)(13)(D) of FIRREA specifies that:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D). Section 1821(d)(6) provides an exception to the jurisdictional bar of § 1821(d)(13)(D) for "claims which have been properly submitted through the administrative claims procedure." *National Union Fire Ins. Co. v. City Savings, F.S.B.*, 28 F.3d 376, 385 (3d Cir.1994).

The Court of Appeals for the Third Circuit has held that "FIRREA's claims procedure in section 1821(d) is exclusive. Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821." *FDIC v. Shain, Schaffer & Rafanello,* 944 F.2d 129, 132 (3d Cir.1991). Accordingly, this court must determine whether Aljaf complied with the requirements of § 1821(d) with regard to its fraud claim. If not, this court lacks subject matter jurisdiction over it.

On January 25, 1993, plaintiff sent the FDIC a letter which described Aljaf's claim as being based on:

> (i) all defaults under the [sublease], (ii) any waste that has occurred with respect to the Premises, (iii) any failure to perform obligations under the [sublease], and (iv) any consequential loss, cost, expense or liability to [Aljaf] as a result of any default or nonpayment under the [sublease].

In this letter, Aljaf informed the FDIC that it did not "maintain any day-to-day functions" pertaining to building maintenance, and requested "certification" from the FDIC that "all repair and maintenance of the Premises ha[d] been and will continue to be provided."

On or about March 18, 1993, Aljaf submitted a formal Proof of Claim to the FDIC. In this Proof of Claim, Aljaf asserted that Meritor had breached the following obligations:

1. The obligation to pay all rent required pursuant to the terms of the Sublease

. . . .

2. The obligation to maintain and repair the Premises.

3. The obligation to comply and cause the Premises to comply with all federal, state and local laws, ordinances, regulations, rules, orders and determinations applicable to the Premises or the ownership, operation, use or possession, thereof.

4. The obligation to pay all taxes, assessments, levies, fees, rents and charges assessed against or which arise with respect to the Premises.

5. The obligation to maintain insurance as required by the Sublease.

6. The obligation to surrender the Premises in good condition and repair.

7. The obligation to indemnify [Aljaf] and its partners from and against claims

. . . .

Defendant contends that these documents fail to set forth any claim of fraud.

Aljaf concedes that it never submitted a claim to the FDIC which was specifically denominated as a fraud claim. Nevertheless, Aljaf contends that its letter of January 25, 1993 and its formal Proof of Claim sufficiently notified the FDIC of the "nature" of its claims. Plaintiff argues that because it "did not purport to state or limit its legal theories" in its administrative claim, it would be "patently unreasonable" for the FDIC not to have known that plaintiff was asserting a claim of fraud.

The District Court for the Northern District of Illinois considered a similar argument in *Brown Leasing Co. v. FDIC,* 833 F.Supp. 672 (N.D.Ill.1993), *aff'd sub nom Brown Leasing Co. v. Cosmopolitan Bancorp,* 42 F.3d 1112 (7th Cir.1994). There, the plaintiff filed suit requesting a determination of the rights and responsibilities of the parties to a participation agreement. *Id.* at 674–75. When the defendant entered receivership, plaintiff pursued an administrative claim alleging the same facts and legal theories. *Id.* After exhaustion of the administrative procedure for these claims, the plaintiff amended its complaint to add claims for conversion and breach of contract. The *Brown Leasing* court held that it was without jurisdiction to hear the newly alleged claims as plaintiff had failed to submit them administratively. It reasoned that "the FDIC is entitled to fair notice of the facts and legal theories on which a claimant seeks relief from the failed institution. To require anything less would impose a burden on the FDIC. . . ." *Id.* at 675–76. *See also Coleman v. FDIC,* 826 F.Supp. 31 (D.Mass.1993).

Aljaf cites dicta from *Nants v. FDIC,* 864 F.Supp. 1211 (S.D.Fla.1994) for the proposition that a plaintiff need not specify its legal theories to the FDIC when presenting an

**518**

administrative claim. The *Nants* court declined to follow the reasoning of *Brown Leasing* and *Coleman* on the basis that allowing "only limited judicial review" of administrative claims would present "serious constitutional difficulties...." 864 F.Supp. at 1218 (citations omitted). As the Court of Appeals for the Third Circuit has held that § 1821 provides for *de novo* rather than limited judicial review of claims submitted administratively, this court finds *Nants* unpersuasive. *See, e.g., Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 396 (3d Cir.1991), *cert. denied*, 502 U.S. 981, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991).

A claim of fraud is separate and distinct from a claim of breach of contract. Both the law and the proofs are quite different for these two separate causes of action. Giving notice of a breach of contract claim does not give notice of a fraud claim. In this case, the "issues and facts" Aljaf raised in its letter and formal administrative claim cannot reasonably be read to support a claim of fraud. Accordingly, FDIC was not on notice and was in no position to review such a claim before a lawsuit was instituted. Since Aljaf failed to comply with the procedures mandated by § 1821(d), this court is without jurisdiction to hear its fraud claim.

Aljaf makes several other arguments in an attempt to avoid the above conclusion. It contends that the FDIC would have denied any fraud claim Aljaf presented to it, that the FDIC "in fact" understood Aljaf to be asserting a claim of fraud despite Aljaf's failure actually to plead one, and that it could prove that "the FDIC has never allowed a contingent claim for fraud in the administration of this or any other failed bank case" if it were permitted additional discovery. Even if these contentions were true, they would not excuse plaintiff's failure to comply with the statutory requirements of § 1821(d) before bringing suit. As the Court of Appeals for the Third Circuit has held:

> The primary purpose underlying FIRREA's exhaustion scheme is to allow [the FDIC] to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation.... [Requiring exhaustion] is reasonable given the brevity of the exhaustion procedure and the *de novo* judicial review of claims once the procedure is exhausted.

*Rosa*, 938 F.2d at 396. Accordingly, Aljaf's fraud claim must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.