BROKEN ARROW SAVINGS ASSOCIATION, F.A., By and Through its Receiver, RESOLUTION TRUST CORPORATION, successor in interest to Broken Arrow Federal Savings and Loan Association, Appellant, Counter Appellee,

v.

SUBLETT, SUBLETT AND SHAFER, P.C., Appellee, Counter Appellant,

and

Gary Hobbs and Mary Kay Hobbs, Defendants,

Willow Creek III Neighborhood Association, Inc., and Willow Creek II Neighborhood Association, Inc., Third–Party Defendants.

Nos. 78657, 78788.

Court of Appeals of Oklahoma, Division 1.

Feb. 23, 1993.

R. Kevin Layton, Boesche, McDermott and Eskridge, Tulsa, for appellant.

John L. Shafer, III, Tulsa, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

In May 1990, Broken Arrow Federal Savings and Loan (S & L) filed an action to foreclose a real estate mortgage. Sublett, Sublett and Shafer (Law Firm) was their attorney. In August 1990, pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101–73, 103 Stat. 183, et seq. (the Act), S & L went into receivership with Resolution Trust Corporation (RTC) acting as the receiver. A new federally chartered institution was created, Broken Arrow Savings Association, F.A. (Savings Association). Law Firm filed an application to withdraw as attorney of record in the foreclosure matter, which was granted by the trial court. After withdrawing as attorney of record, Law Firm filed a claim with RTC as receiver of S & L for fees in connection with the representation of S & L.

Savings Association purchased the assets of S & L from RTC, but did not assume any of its liabilities, and was substituted as plaintiff in the foreclosure and continued the action. Savings Association obtained judgment in April 1991. The foreclosure judgment contained a $5,000.00 award of attorney fees to the plaintiff. In June 1991, the new institution, Savings Association, went into receivership with RTC appointed as receiver. The real property, which was the subject of the foreclosure action, was sold at sheriff's sale to RTC as receiver of Savings Association. The sheriff sale was later confirmed.

Law Firm, seeking unpaid attorney fees that predated the S & L receivership, was allowed to intervene in the foreclosure action. Intervention was based on two claims for relief: 1) unjust enrichment for the benefit of services and costs advances; and 2) quantum meruit for services performed. Law Firm sought a portion of the $5000.00 attorney fees awarded in the foreclosure action and, a portion of proceeds of the rental income being produced by the condominiums. RTC objected and moved to dismiss the claims for failure to state a claim upon which relief could be granted. The trial court took jurisdiction and ordered that a proportionate share of the $5,000.00 attorney fees awarded in the foreclosure action be paid to Law Firm. The court denied Law Firm's claims for fees in other cases, and held that it did not have jurisdiction to hear claims by Law Firm against RTC as receiver for the new institution, Savings Association. The court

also denied Law Firm's claims to attorney fees under 12 O.S.1991 § 936.

RTC appealed from the court's order granting Law Firm a share of the attorney fees awarded in the foreclosure action. Law Firm counter appeals from the court's denial of its other claims. The appeals have been consolidated.

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (the Act) was enacted to respond to the growing crisis affecting the savings and loan industry. The Act established a regulatory scheme to deal with failed savings and loan institutions. Under the Act, claims against a failed institution are to be filed with the receiver, here RTC, to be allowed or denied, before the claimant may file an action in court on the claim. This procedure is set out at 12 U.S.C. § 1821(d)(3)–(13). 12 U.S.C. § 1821 is part of the Federal Deposit Insurance Act, but has been made applicable to the RTC by 12 U.S.C. § 1441a(b)(4). Specifically, 12 U.S.C. § 1821(d)(13)(D) states:

> Limitation on judicial review:
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation [RTC] has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

RTC was allowed 180 days to consider the claims. After that time, or before that time if the claim has been disallowed, the Act permits administrative or judicial review. 12 U.S.C. § 1821(d)(6)(A) provides:

> Provisions for agency review or judicial determination of claims
>
> (A) In general
>
> Before the end of the 60–day period beginning on the earlier of—
>
> (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the corporation is receiver; or,
>
> (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such a claim).

■ A claimant must first seek approval of the claim by the receiver, and if the claim is disallowed, it may request administrative review of the claim or bring an action in federal district court. 12 U.S.C. § 1821(d), requiring actual or constructive denial of a claim by the receiver (exhaustion of administrative remedy) before asking for Administrative (Agency) review or filing an action in federal court, has been upheld in *Circle Industries v. City Federal Savings Bank*, 749 F.Supp. 447 (E.D.N.Y. 1990), aff'd. 931 F.2d 7 (2nd Cir.1991). This is true for claims pending at the time the receivership was established. See *RTC v. Mustang Partners*, 946 F.2d 103 (10th Cir. 1991). It is true even if the claim is a valid lien for attorney fees under state law. See *FDIC v. Shain, Schaffer and Rafanello*, 944 F.2d 129 (3rd Cir.1991) and, *RTC v. Elman*, 949 F.2d 624 (2nd Cir.1991).

■ The trial court incorrectly assumed jurisdiction and allowed intervention by Law Firm seeking a proportionate share of the $5,000.00 attorney fees awarded in the foreclosure action. Law Firm filed its claim with RTC in September 1990. When the time allowed RTC, as receiver, to consider the claim expired, *then* Law Firm could seek administrative review or proceed to federal district court. Issues, such as unjust enrichment and quantum meruit, may then be presented. Exclusive federal jurisdiction is clearly provided for in 12

U.S.C. § 1821(d)(13)(D) which provides: *"Except as otherwise provided in this subsection, no court shall have jurisdiction ..."* (emphasis added). "Except as otherwise provided in this subsection" refers to 12 U.S.C. § 1821(d)(6)(A).

Therefore, the trial court did not have jurisdiction to hear the Law Firm's claim for attorney fees. The order allowing Law Firm a share of the $5000.00 attorney fees awarded in the original foreclosure action is reversed. Because we hold the trial court did not have jurisdiction to hear Law Firm's claims, it becomes unnecessary to consider other assignments of error made by the parties. Since the court lacked jurisdiction, the only valid order is an order of dismissal for failure to state a claim upon which relief may be granted.

REVERSED WITH DIRECTIONS.

ADAMS, P.J., and JONES, J., concur.