**Samuel J. GERIS, Sr., Individually, and as Debtor-in-Possession, and Barbara R. Geris, his wife, Plaintiffs,**

v.

**PIEDMONT FEDERAL CORPORATION, Defendant.**

**Civ. A. No. 92–0056–H.**

United States District Court, W.D. Virginia, Harrisonburg Division.

June 23, 1993.

---

Ky Elaine Booth Kirby, Alexia Morrison, Swidler & Berlin, Washington, DC, for plaintiffs.

William E. Shmidheiser, III, Wharton, Aldhizer & Weaver, Harrisonburg, VA, Howard B. Sinclair, Arent, Fox, Kintner, Plotkin & Kahn, Vienna, VA, for defendants.

Douglas Tod Stark, Harrison, Thumma & Stark, P.C., Harrisonburg, VA, for defendant Michael M. Ehrmann.

Beverlee Richter Peters, Stanford Beryl Adler, Adler & Rosen, Virginia Beach, VA, for defendants Sav. Bank, Frederick Potter and Ann Sheets.

## MEMORANDUM OPINION

MICHAEL, District Judge.

By standing order of June 30, 1992, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his Report and Recommendation on May 27, 1993. After a careful review of the entire record in this case, and no objection having been filed to the Magistrate Judge's Report within ten (10) days of its service upon the parties, this court modifies the Report to the extent indicated herein.

The court agrees with the United States Magistrate Judge that under 12 U.S.C. § 1821(d)(6), the only proper forums

in which the Resolution Trust Corporation (RTC) may be sued in its capacity as receiver are the United States District Courts for the District of Columbia and for the District where the failed financial institution had its principal place of business. It is undisputed that Piedmont Federal Corporation (Piedmont) had its principal place of business in Manassas, Virginia in the Eastern District of Virginia. Thus, the Magistrate Judge correctly concluded that § 1821(d)(6) denies venue to the Western District of Virginia.

■ The Magistrate Judge also correctly concluded that § 1821(d)(6)(A) specifies that an action commenced before the appointment of the receiver may be continued once the RTC is appointed. This court therefore need not dismiss the action, but retains jurisdiction pending determination of proper venue under the statute. *Vinton v. TrustBank Saving, F.S.B.*, 798 F.Supp. 1055, 1065 (D.Del.1992).

■ While 12 U.S.C. § 1821(d)(6) does establish that both the District of Columbia and the Eastern District of Virginia are proper venues, § 1821(d)(6) does not grant this court authority to choose between the two permissible venues. The Magistrate Judge's Report is modified only insofar as it may be read to suggest that the statute does grant the court such authority. Were Plaintiffs to have brought this action after the RTC was appointed, the statute would permit the Plaintiffs, and not the court, to choose either venue.

This is not to say that the court is without power to effect a transfer to a preferable forum, however. Defendant's Motion to Transfer to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) is properly before the court, as § 1821(d)(6) grants the court jurisdiction to determine venue and does not preclude the court from transferring the case "for the convenience of parties and witnesses, in the interest of justice." Accordingly, this court will undertake an analysis pursuant to § 1404(a).

■ The factors to consider under 28 U.S.C. § 1404(a) are (1) the plaintiff's choice of venue, (2) the convenience of the parties and witnesses, and (3) the interest of justice.

*Doe v. Connors*, 796 F.Supp. 214 (W.D.Va. 1992), *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F.Supp. 1253 (E.D.Va.1988). In the present action the Plaintiff's choice of venue in the Western District of Virginia is improper. The convenience of both the parties and the witnesses is better served in the Eastern District of Virginia than in the District of Columbia. Piedmont's principal offices, its Directors, and a majority of Defendants reside in the Eastern District of Virginia. The witnesses reside in either West Virginia, the Eastern District of Virginia, or, in Plaintiff Geris's case, the Western District of Virginia. Plaintiff Geris has medical difficulty traveling, and Alexandria is closer to Plaintiffs' residence than the District of Columbia. No parties or witnesses reside in the District of Columbia. Thus, between the two permissible venues, the District of Columbia and the Eastern District of Virginia, the convenience of the parties and witnesses dictates that this action should continue in the Eastern District of Virginia. The interest of justice will not be prejudiced by this result.

For the foregoing reasons, the Magistrate Judge's Report and Recommendation shall be adopted as modified and the action shall be transferred to the District Court for the Eastern District of Virginia, Alexandria Division.

An appropriate Order shall this day issue.