[No. 12569-6-III.    Division Three.    June 7, 1994.]

GEORGE M. EDWARDS, ET AL, *Respondents*, v. WASHINGTON MUTUAL SAVINGS BANK, ET AL, *Appellants.*

483

*Edward G. Johnson* and *Perkins Coie,* for appellants.
*James K. Hayner* and *Minnick — Hayner, P.S.,* for respondents.

SCHULTHEIS, J. — Washington Mutual Savings Bank (Washington Mutual) and the Resolution Trust Corporation (RTC) appeal a judgment requiring them to return funds in certain trust accounts created for the benefit of George Edwards and Robert Ferguson (the Directors). The court also awarded attorney fees against RTC pursuant to the Equal Access to Justice Act and against both RTC and Washington Mutual pursuant to contract. Appellants contend: (1) the trial court lacked subject matter jurisdiction; (2) any rights the Directors may have had in the trust accounts terminated before they vested; and (3) there was no basis to award attorney fees. We reverse and remand.

In 1984, the directors of Frontier Federal Savings and Loan Association (Old Frontier) were given an option of participating in a deferred compensation plan which allowed them to defer receipt of their director's fee of $450 per month. Mr. Edwards and Mr. Ferguson did so. Other direc-

tors continued to receive their fees in taxable form. Pursuant to these compensation agreements, the fees were invested in insured certificates of deposit (CD's) with Old Frontier. To preserve their tax deferred status, these accounts were established as revocable trusts for the Directors' benefit with legal title held by Old Frontier. The Directors' right to receive compensation did not vest until their termination as board members. Prior to vesting, Old Frontier retained the right to revoke the trusts in which event the funds would be forfeited.

On February 22, 1990, RTC was appointed receiver for Old Frontier. The following day, RTC terminated the Directors. A charter was issued for a new savings association, Frontier Federal Savings Association (New Frontier) with RTC named as conservator. As receiver of Old Frontier, RTC transferred the assets and certain liabilities of Old Frontier to itself as conservator of New Frontier. The Directors submitted claims to RTC in June 1990 asserting entitlement to their trust accounts. The claims were rejected on the basis that because the Directors had not vested when RTC assumed receivership, their interest terminated by operation of law. 12 C.F.R. § 563.39(b) (1994).[1] On June 22, 1990, RTC entered into a purchase and assumption agreement (P&A Agreement) with Washington Mutual Savings Bank. The subject CD accounts were transferred to Washington Mutual as was the obligation to honor them.

The Directors then commenced this suit. RTC moved to dismiss for lack of jurisdiction. The motion was denied and the case proceeded to a bench trial. The court entered judg-

---

[1]The regulation provides:

"Each employment contract shall provide that:

". . . .

"(5) All obligations under the contract shall be terminated, except to the extent determined that continuation of the contract is necessary of [sic] the continued operation of the association

". . . .

"(ii) . . . when the association is determined by the Director to be in an unsafe or unsound condition.

"Any rights of the parties that have already vested, however, shall not be affected by such action."

ment in favor of the Directors, holding Washington Mutual liable for the accrued balance in the CD accounts under the terms of the P&A Agreement, and enjoined RTC from interfering with the payout of funds. The court awarded attorney fees against both Defendants jointly and severally. After entry of judgment, the Directors commenced an action in federal court as a protective maneuver in the event state court jurisdiction were found lacking on appeal.

Appellants contend that because the claim is for recovery of funds under the control of RTC as receiver for Old Frontier, jurisdiction is vested exclusively in federal court pursuant to 12 U.S.C. §§ 1821(d)(6)(A)[2] and (d)(13)(D) (Supp. V 1993). The Directors counter that Appellants have simply assumed § 1821(d) applies. They characterize the claim as seeking recovery of insured deposits as defined in 12 U.S.C. § 1813 and urge that state courts have concurrent jurisdiction pursuant to 12 U.S.C. § 1821(f)(3) (Supp. V 1993).[3]

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) created RTC for the purpose of restructuring or liquidating failed institutions and granted the agency the same receivership and conservator powers already held by the Federal Deposit Insurance Corporation

[2]Section 1821(d)(6)(A) provides in relevant part: "[T]he claimant may request administrative review of the claim . . . or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia . . .." Section 1821(d)(6)(A) affirmatively grants original jurisdiction to federal courts. That in itself is not dispositive of whether state courts also have original concurrent jurisdiction. Section 1821(d)(13)(D), set out in the text following, provides the answer to that question.

[3]Section 1821(f)(3) provides:

"(A) Resolutions in accordance to Corporation regulations

"In the case of any disputed claim relating to any insured deposit or any determination of insurance coverage with respect to any deposit, the Corporation may resolve such disputed claim in accordance with regulations prescribed by the Corporation establishing procedures for resolving such claims.

"(B) Adjudication of claims

"If the Corporation has not prescribed regulations establishing procedures for resolving disputed claims, the Corporation may require the final determination of a court of competent jurisdiction before paying any such claim."

(FDIC) under 12 U.S.C. §§ 1821-23.[4] 12 U.S.C. § 1441a-(b)(4)(A); *Circle Indus., Div. of Nastasi-White, Inc. v. City Fed. Sav. Bank*, 749 F. Supp. 447, 451 (E.D.N.Y. 1990), *aff'd*, 931 F.2d 7 (2d Cir. 1991).

■ Federal law governs claims against RTC. *American Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1268 (9th Cir. 1993). This is consistent with the legislative prescription that a case to which RTC is a party is "deemed to arise under the laws of the United States . . .". 12 U.S.C. § 1441a(*l*)(1) (Supp. V 1993). State law is displaced, but may be borrowed as a federal rule of decision (28 U.S.C. § 1652) and applied interstitially. *American Int'l Enters.*, at 1268. The trial court declined to apply federal law in favor of Washington law.

The Directors concede if their claims arise under § 1821(d), federal jurisdiction is exclusive. *Geris v. Piedmont Fed. Corp.*, 826 F. Supp. 165, 166-67 (W.D. Va. 1993); *Broken Arrow Sav. Ass'n v. Sublett, Sublett & Shafer, P.C.*, 849 P.2d 1103, 1105-06 (Okla. Ct. App. 1993); *Resolution Trust Corp. v. Shoreview Builders, Inc.*, 252 N.J. Super. 408, 416, 599 A.2d 1291, 1295 (1991). *Contra Resolution Trust Corp. v. Park Leasing Co.*, 855 S.W.2d 220, 222 n.2 (Tex. Ct. App. 1993).[5]

■ Whether a demand for a CD is a "claim" within the meaning of § 1821(d) presents a question of apparent first impression. The ordinary meaning of the term is "To demand as one's own or as one's right". Black's Law Dictionary 247

---

[4]Which explains why FDIC is a party in a number of cases cited in this opinion. Such authority is not merely apposite by analogy. Rather, it is construing the same statutory scheme.

[5]*Park Leasing* appears to be the only decision which holds without reservation that jurisdiction is always concurrent whether RTC is an original party or not. There is a growing body of authority holding that once a state court has jurisdiction over a claim and the parties, it cannot be ousted by the substitution of RTC for the financial institution. *Robbins v. Foothill Nissan*, 22 Cal. App. 4th 1769, 1782-83, 28 Cal. Rptr. 2d 190, 198-99 (1994) and authorities cited therein. FIRREA is burdened with substantial ambiguity in such situations. *Herbst v. Resolution Trust Corp.*, 66 Ohio St. 3d 8, 10-11, 607 N.E.2d 440, 443-44 (1993); *Marquis v. FDIC*, 779 F. Supp. 6, 7-9 (D.N.H. 1991), *aff'd*, 965 F.2d 1148 (1st Cir. 1992). Such case law is not helpful since RTC was an original Defendant in this action.

(6th ed. 1990). In the ordinary sense of the word, any demand upon RTC would be a claim. Section 1821(d)(13)(D) provides that:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over —

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the *assets* of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver;

(Italics ours.)

The Directors urge this provision addresses only claims against assets and, from a financial institution's perspective, a CD is a liability, not an asset. *Peters v. Sjoholm*, 95 Wn.2d 871, 875, 631 P.2d 937 (1981), *cert. denied*, 455 U.S. 914 (1982). We disagree. The money represented by a CD is an asset belonging to the institution, *Peters*, at 875, and money is what the Directors seek. The claim therefore falls within subsection (d).

■ Even assuming the claim were founded on § 1821(f)(3), it still fails. If RTC has formulated a dispute resolution process, exhaustion of administrative remedies is required as a condition of judicial review. Section 1821(f)(3)(A). If dissatisfied with the result, a claimant may proceed under the Administrative Procedure Act pursuant to 5 U.S.C. §§ 701-06 with exclusive jurisdiction vested in the Circuit Court of Appeals for the circuit in which the depository institution is located or in the Court of Appeals for the District of Columbia. Section 1821(f)(4). If the agency does not have a dispute resolution process, resort may be had directly to "a court of competent jurisdiction . . .". Section 1821(f)(3)(B). The trial court found and concluded that "RTC has not proffered, proved or pled that it has prescribed regulations to establish procedures for resolving claims regarding accounts . . .". RTC does not challenge this finding and it appears RTC has elected to resolve disputes on an informal basis rather than structure regulations. *Nimon v. Resolution Trust Corp.*, 975 F.2d 240, 244 (5th Cir. 1992).

The Directors urge there is a presumption in favor of concurrent jurisdiction. *Rice v. Janovich*, 109 Wn.2d 48, 51-52, 742 P.2d 1230 (1987). They argue the variance between Congress' firm resolve to place subsection (d) claims exclusively in the hands of federal courts and the relaxed manner in which subsection (f) claims were assigned to "a court of competent jurisdiction" is evidence of concurrent jurisdiction. This argument is inconsistent with the statute. The circuits are split, but the majority rule is that the only "courts of competent jurisdiction" for purposes of § 1821(f)(3) are those enumerated in § 1821(f)(4); *i.e.*, federal circuit courts. *Nimon*, 975 F.2d at 244; *Abrams v. FDIC*, 938 F.2d 22, 24-25 (2d Cir. 1991). *Contra Callejo v. Resolution Trust Corp.*, 17 F.3d 1497, 1499-1500 (D.C. Cir. 1994). Even though RTC has not adopted formal dispute resolution regulations, the agency is nonetheless empowered under § 1821(f)(3)(B) to issue a final determination:

> [B]y the statute RTC *may* require a court determination — it does not require RTC to do so. That is, the statute permits RTC to itself render a final determination, even though there are no regulations formalizing its procedures.

*Nimon*, 975 F.2d at 244.

Once RTC has made a final determination, § 1821(f)(4) becomes operative and federal appellate courts, not federal trial courts, are the courts of competent jurisdiction. *Nimon*, at 244; *Abrams*, at 24-25. Whether state courts have concurrent jurisdiction was not at issue in these decisions, but any issue over concurrency would appear foreclosed by *Nimon*'s holding that Congress intended "the courts of appeal will be the fora of these reviews." *Nimon*, 975 F.2d at 244.

This action involves a subsection (d) claim over which federal jurisdiction is exclusive. Even if viewed as a subsection (f) claim, it is in the wrong forum as to RTC.

The Directors contend the trial court had subject matter jurisdiction with respect to Washington Mutual: (1) under trust law because the Directors had a vested right in the trust accounts at the time of their termination; (2) under a contractual third party beneficiary theory; and (3) based on

the right of a depositor to sue a bank on a creditor/debtor theory.

■ Washington Mutual enjoys no derivative benefit from RTC's posture. The trial court therefore had jurisdiction over the claims asserted against this Defendant. Turning to the merits, because the trial court applied state law, there is no basis on this record supporting a finding of vesting. *See* 12 C.F.R. § 563.39(b) (1994); *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1378 (9th Cir. 1994) (establishing test for applying regulation). As to the P&A Agreement, without knowing what interest the Directors have in the transferred CD accounts, Washington Mutual's exposure remains inchoate at this point. The trial court found Washington Mutual assumed liability for the subject CD's pursuant to the P&A Agreement. This finding is amply supported.[6] The court further found the P&A Agreement conferred third party beneficiary rights on all persons whose accounts were transferred. The Directors and Old Frontier (through its receiver) are in a contest over who has a superior interest. One of them has a debtor/creditor relationship with Washington Mutual. The question is which one.

Complicating further proceedings, Washington Mutual is not a party to the pending federal action. In theory, the trial court could take evidence on the vesting issue and resolve the case even in the absence of RTC. In practice, however, such an approach could leave Washington Mutual facing a judgment based on inconsistent findings in two forums. CR 19(a)(2)(B). Washington Mutual is properly before the court, but the claims asserted against this Defendant are premature. On remand, the trial court should stay the action pending the outcome of the companion litigation, or take such other action as may appear appropriate to protect the rights of both parties.

---

[6]RTC argues it may transfer an asset (the CD) without transferring the associated obligation (to pay the Directors). That is an accurate statement of the law. 12 U.S.C. § 1821(d)(2)(G)(i)(II) (Supp. V 1993); *Nashville Lodging Co. v. Resolution Trust Corp.*, 839 F. Supp. 58, 62 (D.D.C. 1993) and authorities cited therein. However, it is an inaccurate statement of fact. The P&A Agreement reflects the obligation was expressly assumed.

Because the court lacked jurisdiction over RTC and the Directors did not prevail against Washington Mutual, the fee awards must be set aside.

Reversed and remanded.

SWEENEY, A.C.J., and MUNSON, J., concur.

After modification, further reconsideration denied June 21, 1995.

Review denied at 128 Wn.2d 1004 (1995).