OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Herbst et al., Appellees, v. Resolution Trust Corporation, as
Receiver for First Savings & Loan Company, Massilon, Ohio,
Appellant.
     [Cite as Herbst v. Resolution Trust Corp. (1993),     Ohio
St. 3d     .]
Savings and loan associations -- Section 212(d) of Financial
     Institutions Reform, Recovery, and Enforcement Act of 1989
     does not vest federal courts with exclusive subject-matter
     jurisdiction over actions against Resolution Trust
     Corporation as receiver of a failed financial institution
     -- Former Sections 1821, 1441a and 1819, Title 12, U.S.
     Code, construed.
                           ---
Section 212(d) of the Financial Institutions Reform,
     Recovery, and Enforcement Act of 1989, does not vest
     federal courts with exclusive subject-matter jurisdiction
     over actions against the Resolution Trust Corporation as
     receiver of a failed financial institution.  (Former
     Sections 1821, 1441a and 1819, Title 12, U.S. Code,
     construed.)
                           ---
     (No. 91-2254 -- Submitted January 6, 1993 -- Decided
February 24, 1993.)
     Appeal from the Court of Appeals for Stark County, No.
CA-8478.
     On February 12, 1990, appellees, Ronald P. Herbst and
Andrea D. Herbst, filed a complaint in the Court of Common
Pleas of Stark County naming as defendants, First Savings &
Loan Company ("First Savings"), Midland Buckeye Federal Savings
& Loan Association, Smith Development Corporation and Stephen
S. Smith.  Appellees' complaint was premised on fraud, breach
of contract, breach of warranty and deceptive trade practices,
arising from the purchase of a lot and construction of a
residence on the lot.
     After this action was filed, First Savings became
insolvent and appellant, Resolution Trust Corporation ("RTC"),
was, on or about April 20, 1990, appointed receiver.
Thereafter, RTC published notices informing creditors of First

Savings of the appointment of RTC.  It is undisputed the notices established July 25, 1990 as the final date for creditors to present their claims, and that appellees did not file a claim with RTC.

On June 1, 1990, RTC moved to be substituted as a party defendant, in appellees' cause of action, replacing First Savings.  The common pleas court granted this motion.

On October 3, 1990, RTC moved for summary judgment, urging that it be dismissed as a party defendant because appellees had failed to file a claim with RTC by the July 25, 1990 deadline.  The trial court granted RTC summary judgment.

Upon appeal, the court of appeals reversed the judgment of the trial court and remanded the cause.  The court of appeals determined that pursuant to Section 1821(d)(5)(F)(ii), Title 12, U.S. Code, appellees' failure to file a claim with RTC did not affect their right to continue their state-court action.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Buckingham, Doolittle & Burroughs, Richard G. Reichel and Todd S. Bundy, for appellees.

Porter, Wright, Morris & Arthur and Jennifer T. Mills; James D. Snively, for appellant.

Douglas, J.    RTC asserts that appellees' state-court action against it as receiver of First Savings should be dismissed for lack of subject-matter jurisdiction because:  (1) federal courts have exclusive jurisdiction over claims involving a failed financial institution under receivership; and (2) appellees did not pursue and exhaust administrative procedures described in former Sections 1821(d)(3) through (d)(10), Title 12, U.S. Code.

I

This appeal concerns the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA" or "the Act"), Pub.L. 101-73, 103 Stat. 183.1  The Act is a response by Congress to the evolving savings and loan crisis.  As part of its comprehensive framework for processing claims, FIRREA created the RTC "* * * to contain, manage, and resolve failed savings associations * * *."  H.R. Rep. No. 101-54(I), 101st Cong., 1st Sess. 1, 322, reprinted in 1989 U.S. Code Cong. & Adm. News 86, 118.  In support of their respective positions, the parties in this appeal cite, and rely upon, various sections of the Act.  Having reviewed these sections, and the Act as a whole, we believe Judge Selya in Marquis v. Fed. Deposit Ins. Corp. (C.A.1, 1992), 965 F.2d 1148, 1151, was accurate in stating that:

"FIRREA's text comprises an almost impenetrable thicket, overgrown with sections, subsections, paragraphs, subparagraphs, clauses, and subclauses -- a veritable jungle of linguistic fronds and brambles.  In light of its prolixity and lack of coherence, confusion over its proper interpretation is not only unsurprising -- it is inevitable."

Keeping this in mind, we turn our attention to RTC's contentions.

II

In Elek v. Huntington Natl. Bank (1991), 60 Ohio St.3d

135, 573 N.E.2d 1056, relying on various United States Supreme Court decisions, we observed that state courts presumptively enjoy concurrent jurisdiction with federal courts over claims arising under federal law.  Id. at 138-139, 573 N.E.2d at 1059-1060.  Quoting language from Gulf Offshore Co. v. Mobil Oil Corp. (1981), 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784, we noted that the presumption of concurrent jurisdiction can be rebutted, and that Congress may vest exclusive jurisdiction in the federal courts only if (1) a federal statute explicitly provides that federal courts have exclusive jurisdiction, (2) the legislative history unambiguously indicates that jurisdiction lies in federal courts, or (3) there is clear incompatibility between state-court jurisdiction and federal interests.  Elek, 60 Ohio St.3d at 138, 573 N.E.2d at 1059.

RTC contends that Section 1821(d)(6)(A), Title 12, U.S. Code (Section 212[d] of FIRREA) read in conjunction with Section 1821(d)(13)(D), Title 12, U.S. Code, evidences an explicit statutory directive that all actions against the RTC be pursued exclusively in federal court, precluding the exercise of concurrent state-court jurisdiction.  We disagree.

Section 1821(d)(6)(A) provides that within sixty days after the notice of disallowance of a filed claim, or the expiration of the time period provided for in Section 1821(d)(5)(A)(i), Title 12, U.S. Code, whichever is earlier, the claimant may:

"* * * [R]equest administrative review of the claim * * * or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)."

Section 1821(d)(13)(D), entitled "Limitation on judicial review," provides:

"Except as otherwise provided in this subsection, no court shall have jurisdiction over--

"(i)  any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

"(ii) any claim relating to any act or omission of such institution or the Corporation as receiver."  (Emphasis added.)

When reading Sections 1821(d)(6)(A) and (d)(13)(D) in isolation from other sections of FIRREA, it would appear that RTC's position has merit.  However, RTC's argument is based on but two sections of a very detailed and comprehensive federal scheme.  RTC's narrow selection of only two parts of FIRREA is inattentive to the language that begins Section 1821(d)(13)(D):  "[e]xcept as otherwise provided in this subsection * * *."

Section 1821(d)(2)(A)(i), Title 12, U.S. Code sets forth RTC's "general powers," and establishes that the RTC succeeds to "all rights, titles, powers, and privileges" of the failed insured depository institution.  In addition, under Section 1821(d)(2)(J), Title 12, U.S. Code, the RTC has "incidental

powers" and may "(i) exercise all powers and authorities specifically granted * * * to receivers * * * under this Act * * *; and (ii) take any action authorized by this Act, which the Corporation determines is in the best interest of the depository institution * * *."  Pursuant to Section 1441a(b)(10)(F), Title 12, U.S. Code, entitled "Corporate powers," the RTC has the authority "[t]o sue and be sued in its corporate capacity in any court of competent jurisdiction." Further, "[t]he Corporation may * * * remove any such action * * * from a State Court to * * *" the appropriate federal court within ninety days after the receiver is substituted as a party, or thirty days after suit is filed.  (Emphasis added.) Section 1441a(l)(3)(A) and (B), Title 12, U.S. Code; see, also, Section 1819(b)(2)(B), Title 12, U.S. Code, and Section 1821(d)(13)(B)(i), Title 12, U.S. Code.

As can be gleaned from the above, Congress intended the RTC to step into the shoes of a failed financial institution. It is apparent that Congress anticipated that at the time the receiver is appointed, there may be litigation against a failed financial institution pending in state court.  However, Congress did not mandate that all such actions be removed to federal court.  Rather, discretionary authority was provided. Clearly, if Congress had intended federal jurisdiction to be exclusive, it would not have used language giving the RTC discretion to remove state actions, and any state action involving the RTC would necessarily have to be dismissed for lack of subject-matter jurisdiction.

Equally persuasive is the use of the verb "continue" in numerous provisions of the Act.  See, e.g., Section 1821(d)(5)(F)(ii), Title 12, U.S. Code (filing of a claim with the RTC does not prejudice the claimant's right to continue any action filed before receivership); Section 1821(d)(8)(E)(ii), Title 12, U.S. Code (providing a similar disclaimer of prejudice to parties who qualify under FIRREA's expedited claims procedure); and Section 1821(d)(6)(A), Title 12, U.S. Code (claimant has choice to file suit or seek administrative review of a disallowed claim, or continue an action commenced before the appointment of the receiver).

As stated in Marc Dev., Inc. v. Fed. Deposit Ins. Corp. (D. Utah 1991), 771 F.Supp. 1163, 1168-1169:

"* * * The term 'continue' implies that a party is proceeding forward in an ongoing case without an interruption in the court's jurisdiction.  A claimant could not 'continue' an action over which the court has been deprived of subject matter jurisdiction.  The claimant would have to 'refile' such a lawsuit because the suit would have been dismissed due to lack of subject matter jurisdiction."  (Emphasis added.)

Based on the foregoing, we believe that RTC's reliance on Sections 1821(d)(6)(A) and 1821(d)(13)(D) for the proposition that federal courts have exclusive jurisdiction over actions against the RTC is simply not supported by other parts of FIRREA.  With respect to actions against the RTC, Congress did not intend that state-court jurisdiction be preempted.  Accord Berke v. Resolution Trust Corp. (Minn. App. 1992), 483 N.W.2d 712, 715, and Armstrong v. Resolution Trust Corp. (1992), 234 Ill. App.3d 162, 170-172, 175 Ill. Dec. 195, 201-202, 599 N.E.2d 1209, 1215-1216.

RTC further argues that the legislative history of Section 1821(d) implies that Congress intended to provide federal courts with exclusive jurisdiction over all matters involving the RTC. In support, RTC cites a portion of FIRREA's legislative history and references the United States Supreme Court's decision in Coit Independence Joint Venture v. Fed. S. & L. Ins. Corp. (1989), 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602. However, the legislative history cited to us by RTC does not evidence a Congressional intent to preclude state-court jurisdiction when an action is commenced against a failed financial institution prior to the time the institution undergoes receivership. In fact, a review of the Act's history belies RTC's argument. See H.R. Rep. No. 54(I), 101st Cong., 1st Sess. 1, 419, reprinted in 1989 U.S. Code Cong. & Adm. News 86, 215 ("There shall be no judicial review of the administrative determination not to allow a claim. [See Section 1821(d)(5)(E).] Rather, the claimant must file suit or continue a previously filed suit to establish a disallowed claim."). It is evident that Congress was indeed aware of, and did take into account, the possible situation where an action could be brought in state court against a failed or failing institution prior to the filing of a claim with RTC as receiver.

Moreover, upon a thorough reading of Coit, we find no support for RTC's position. In Coit, the court interpreted former Section 1464(d)(11), Title 12, U.S. Code. The thrust of the court's decision was that the Federal Savings & Loan Insurance Corporation ("FSLIC") did not have the authority to adjudicate certain claims against failed savings and loan associations. The court also determined that the regulations adopted under the former statute were infirm because they did not contain time limits with regard to the period of adjudication. Congress obviously took into consideration the Coit decision when drafting Section 1821(d). See H.R. Rep. No. 101-54(I), 101st Cong., 1st Sess. 1, 418-419, reprinted in 1989 U.S. Code Cong. & Adm. News 86, 214-215. The court in Coit did not specifically rule on the propriety of concurrent state and federal jurisdiction over actions commenced against a receiver. However, a close reading of Coit leads us to conclude that the United States Supreme Court assumed that state and federal courts could possess concurrent jurisdiction over such matters.

We also reject RTC's argument that there is a clear incompatibility between state-court jurisdiction and federal interests. As is evident, Congress enacted FIRREA in order to facilitate claims against insolvent savings and loan associations. Such claims were intended to be resolved in an expeditious and fair manner. This objective, however, would be thwarted if, upon appointment of a receiver of a failed institution, state courts are immediately divested of subject-matter jurisdiction and forced to dismiss pending litigation. "It is difficult to conceive of anything less efficient than dismissing a suit that has been, say, two years in process * * *." Marquis, supra, 965 F.2d at 1154.

Therefore, having considered the principles set forth in Elek, as applied to this case, and upon a thorough review of FIRREA, we hold that Section 212(d) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 does

not vest federal courts with exclusive subject-matter jurisdiction over actions against the Resolution Trust Corporation as receiver of a failed financial institution.

III

Appellees urge that pursuant to Section 1821(d)(5)(F)(ii), Title 12, U.S. Code, failure to pursue and exhaust administrative procedures described in FIRREA does not require dismissal of their action filed in the common pleas court. We agree.

Section 1821(d)(5)(F)(ii) provides that:

"No prejudice to other actions

"Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to continue any action which was filed before the appointment of the receiver." (Emphasis added.)

The provision to which Section 1821(d)(5)(F)(ii) refers is entitled "Suspension of legal actions." The relevant portions of Section 1821(d)(12), Title 12, U.S. Code provide that after the receiver is appointed, it may request a stay for a period not to exceed ninety days. Section 1821(d)(12)(A)(ii). Further, such stays, if requested, must be granted by any court with jurisdiction. Section 1821(d)(12)(B).

RTC urges that appellees cannot avail themselves of Section 1821(d)(5)(F)(ii), since that provision is available only to those litigants who have, in fact, filed an administrative claim with a receiver. RTC further urges that Section 1821(d)(5)(F)(ii) was enacted solely as a tolling provision, protecting claimants from time bars pending completion of the administrative-claims process.

RTC's narrow interpretation of Section 1821(d)(5)(F)(ii) ignores the essence of the provision. By explicit terms, this provision states that the filing of an administrative claim with a receiver cannot adversely affect ("prejudice") the continuation of a pending action. The right to continue an action is subject only to the right of RTC to seek a ninety-day stay. Section 1821(d)(12)(A)(ii). As expressed in the legislative history, Congress intended to give the RTC adequate time to familiarize itself with a suit to which it has become a party, "* * * and decide how best to proceed." H.R. Rep. No. 101-54(I), 101st Cong., 1st Sess. 1, 331, reprinted in 1989 U.S. Code Cong. & Adm. News 86, 127. Equally important, Section 1821(d)(5)(F)(ii) does not condition the continuation of a pending suit on whether the litigant files a claim with a receiver. Therefore, in reading Section 1821(d)(5)(F)(ii) in combination with Section (d)(12)(A)(ii), we believe that Congress intended to allow courts to retain jurisdiction over pending lawsuits whether or not the litigant files a claim with a receiver.

We also note that in support of its position that appellees' failure to file an administrative claim is grounds for dismissal of the state-court proceedings, RTC relies heavily on Resolution Trust Corp. v. Mustang Partners (C.A.10, 1991), 946 F.2d 103. Not only is Mustang distinguishable, but if that decision stands for the proposition that failure to file an administrative claim is grounds for dismissal of a pending action against a receiver of a failed financial institution, we would disagree with that proposition.

Notwithstanding possible constitutional ramifications, if Congress had intended to deprive a court of established subject-matter jurisdiction, it could have so stated. Neither FIRREA nor the Act's legislative history explicitly or implicitly indicates that the intention of Congress was to divest the common pleas court of its subject-matter jurisdiction. Thus, we find that appellees' state-court action should not be dismissed for failure to file an administrative claim with RTC.

In reaching our conclusions today, we are further persuaded by Justice O'Connor's observations in Coit, wherein she stated that:

"In cases where suit has already been filed against a savings and loan association before FSLIC is appointed receiver, FSLIC will receive notice of those claims when it steps into the shoes of the failed savings and loan and takes control of its assets. Trial courts can then determine, in their discretion, whether to stay the proceedings for a limited time, based on such factors as the stage of the litigation and FSLIC's need to assess the possibility of settling the claims. * * *" (Citations omitted.) Coit, 489 U.S. at 585, 109 S.Ct. at 1374-1375, 103 L.Ed.2d at 622.

Finally, we are also aware of Justice Scalia's concurrence in Coit where he joined the court's judgment "* * * on the more categorical ground that FSLIC's claim procedures cannot pre-empt the filing of suits under state law." Coit, 489 U.S. at 592, 109 S.Ct. at 1378, 103 L.Ed.2d at 627.

Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE:
1    The references to the Act in this opinion are construed as enacted on August 9, 1989.