**C.V. PERRY & COMPANY et al.**

v.

**VILLAGE OF WEST JEFFERSON et al., Appellees;**
**American Empire Surplus Lines, Appellant.**

[Cite as *C.V. Perry & Co. v. W. Jefferson* (1996), 110 Ohio App.3d 23.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA95–08–027.

Decided March 25, 1996.

*Weston, Hurd, Fallon, Paisley & Howley, Ronald A. Rispo* and *Daniel A. Richards,* for appellant, American Empire Surplus Lines.

*Ronald C. Parsons,* West Jefferson Village Law Director, for appellee, Village of West Jefferson.

---

KOEHLER, Judge.

Third-party defendant-appellant, American Empire Surplus Lines ("American Empire"), appeals from an order of the Madison County Common Pleas Court granting summary judgment in favor of defendant-appellee, village of West Jefferson ("village"), in this action by the village as third-party plaintiff seeking a declaration of its rights under an insurance policy issued by American Empire. We affirm.

The plaintiffs in this action are C.V. Perry & Co. and Columbian Homes, Inc. ("Perry"). Sometime prior to September 1989, Perry filed and received approval on plans for a subdivision in the village. Upon issuance of the building permits, Perry began building in the subdivision. However, on September 21, 1989, Perry was notified that the village mayor had issued a stop order on building permits for the subdivision because of drainage problems on the property, and that no further permits would be issued until the problems were corrected.

Perry filed suit against the village in December 1990 in Franklin County Common Pleas Court. The suit was voluntarily dismissed, then refiled in December 1992 seeking equitable and monetary relief. The trial court granted summary judgment to the village, concluding that Perry's mandamus action

should be dismissed for failure to follow the administrative appeal procedure in R.C. 2506.01.[1] The Tenth District Court of Appeals affirmed, concluding that failure to follow the statutory appeal procedure deprived the reviewing court of jurisdiction and justified the trial court's dismissal. *C.V. Perry & Co. v. W. Jefferson* (Sept. 27, 1994), Franklin App. No. 93APE12–1640, unreported, 1994 WL 530309.

The thirty-day window to file an administrative appeal had closed while the suit was pending in Franklin County. See R.C. 2505.07. Perry therefore refiled his building permit applications for the subdivision. The village responded in a November 1, 1994 letter by stating that building permits for the properties had been denied by the mayor on September 21, 1989.

Perry then filed a complaint for relief pursuant to R.C. Chapter 2506[1] in the Madison County Common Pleas Court, naming the village as defendant. The village filed a third-party complaint against American Empire, which insured the village between June 8, 1985 and June 8, 1992, alleging that American Empire was required to defend and indemnify the village pursuant to the insurance contract.[2] American Empire answered that the claims against the village were not made within the policy period nor were they within the policy coverage and counterclaimed seeking a declaratory judgment that American Empire owed the village no coverage or duty to defend under the policy. Both parties filed motions for summary judgment.

The trial court granted summary judgment in favor of the village, concluding that Perry's claim against the village arose from the village's 1989 denial of building permits which led to the suit filed on December 7, 1990. The court noted that these events occurred within American Empire's policy coverage period and that Perry's present action was the same cause of action as the 1990 complaint. Since American Empire admitted coverage for monetary damages and assumed the defense of the earlier action, the court concluded that American Empire was estopped in this action from denying either the same coverage or its duty to defend.

American Empire appeals from the trial court judgment, asserting the following assignment of error:

---

1. R.C. 2506.01 provides in part:
   "Every final order * * * of any officer * * * of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *."

2. American Empire assumed the defense of the village in the Franklin County proceedings but reserved its right to challenge the coverage.

"The trial court committed reversible error by granting the village of West Jefferson's motion for summary judgment and denying American Empire's motion for summary judgment. The court erroneously found that American Empire owes a duty to defend the village of West Jefferson."

In reviewing an entry of summary judgment, an appellate court applies the same standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. Pursuant to Civ.R. 56(C), summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. It must appear from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment was made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

■ American Empire argues first that the village is not entitled to coverage under the policy because the claims made against the village were not first brought during the policy period. A "claims made" policy provides coverage for claims brought against the insured only during the life of the policy, as opposed to an "occurrence policy" which provides coverage for acts performed during the policy period regardless of when the claim is brought. *United States v. A.C. Strip* (C.A.6, 1989), 868 F.2d 181, 184.

The policy issued by American Empire states that "[t]he Company shall pay on behalf of the Insured all loss * * * for any claim * * * first made against the Insured during the policy period * * *."

Under the heading "Loss Provision," the policy states that "the Insured shall * * * give written notice to the Company of the receipt of such written or oral notice under Clause 4(a) [from a party who intends to hold the insured responsible for the results of a Wrongful Act alleged to have been committed by the Insured] * * *. Upon the Company's receipt of such notice any claim which may subsequently be made against the Insured arising out of such alleged Wrongful Act shall, for the purpose of this Policy, be treated as a claim made during the policy period in which such notice was given * * *."

In this case, Perry first filed a complaint against the village in December 1990, which is within the American Empire policy period. The suit was voluntarily dismissed and refiled. American Empire assumed defense of the action on behalf of the village. That suit was ultimately dismissed for failure to exhaust the statutory procedure for appeal from an administrative decision. *Perry,* Franklin App. No. 93APE12–1640, unreported.

■ The Tenth District Court of Appeals found a failure to exhaust administrative remedies and determined that the case was not ripe for judicial review.

*Id.* In an action where the court has been deprived of subject matter jurisdiction, a claimant may refile the same action because it would have been dismissed due to lack of subject matter jurisdiction and not brought to an end on the merits. *Herbst v. Resolution Trust Corp.* (1993), 66 Ohio St.3d 8, 11, 607 N.E.2d 440, 443–444, citing *Marc Dev., Inc. v. Fed. Deposit Ins. Corp.* (D.Utah 1991), 771 F.Supp. 1163, 1168–1169; *Cent. Mut. Ins. Co. v. Bradford–White Co.* (1987), 35 Ohio App.3d 26, 28, 519 N.E.2d 422, 424.

■ Perry's 1994 complaint relates to the same properties and the same 1989 action by the village mayor denying building permits for those properties, but now seeks relief from that administrative decision pursuant to R.C. 2506.01. As noted by the trial court, "the factual circumstances have not changed since the mayor notified plaintiffs that the Building Inspector would no longer issue new building permits, and that plaintiffs were to cease work on all present construction. * * * Plaintiffs have offered no evidence that * * * the [drainage] problems were taken care of."

American Empire cannot assert that they no longer have a duty to defend or provide coverage simply because this essentially ongoing litigation has outlasted the policy period. The denial of building permits and the initiation of litigation occurred within the policy period, even if a dismissal on procedural grounds ultimately required Perry to file a new complaint asserting the same facts. See *Herbst,* 66 Ohio St.3d at 11, 607 N.E.2d at 443–444.

■ American Empire next argues that the allegations in Perry's complaint do not state a claim within the policy coverage. The insurer alleges that in addition to the fact that the complaint seeks forms of relief other than monetary damages, it includes counts based on civil rights violations and inverse condemnation, all of which are expressly excluded from coverage under the American Empire policy.

The parameters of an insurer's duty to defend were stated by the Ohio Supreme Court in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 180, 9 OBR 463, 465, 459 N.E.2d 555, 558:

"Where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."

Perry essentially alleges in the complaint that the mayor's denial of building permits is an unconstitutional taking of his property without compensation. This allegation is not a civil rights claim. See *State ex rel. Pitz v. Columbus* (1988), 56 Ohio App.3d 37, 44, 564 N.E.2d 1081, 1088–1089. Nor is a cause of action in

inverse condemnation stated for denial of a building permit. *Hallmore Corp. v. Cleveland* (Oct. 13, 1977), Cuyahoga App. No. 36069, unreported.

Perry's complaint seeks monetary damages resulting from the denial of building permits, including lost profits. American Empire must accept the defense where, as in this case, the underlying factual complaint arguably or potentially falls within the policy coverage. See *Willoughby,* 9 Ohio St.3d at 180, 9 OBR at 465–466, 459 N.E.2d at 558.

American Empire's third argument is that estoppel cannot be used to bring claims not covered or expressly excluded within the policy coverage, citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 668, 597 N.E.2d 1096, 1103–1104. It is undisputed that American Empire advised the village in February 1993 that it was assuming the village's defense under a full reservation of rights as contained in the policy.

We have concluded that the village is entitled to a defense and to potential coverage under the American Empire policy. The trial court noted that American Empire initially accepted liability and assumed a defense, and that the factual circumstances have not changed since the initial suit was filed. In that context, the trial court concluded that American Empire was now estopped from denying coverage. We find nothing in the record to indicate that the trial court, under an estoppel theory, sought to expand coverage or obligate American Empire to cover a risk for which it did not contract. See *Hybud,* 64 Ohio St.3d at 668, 597 N.E.2d at 1103–1104.

In consideration of American Empire's arguments and the express provisions of the insurance policy, reasonable minds can only conclude that American Empire has a duty to defend and that Perry's allegations state a claim potentially within the policy coverage. The trial court therefore properly granted summary judgment in favor of the village. American Empire's assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.