MUHAMMAD

v.

UNITED STATES DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE.

2010-Ohio-6722.]

Cleveland Municipal Court,
Cuyahoga County, Ohio.

No. 2010 CVI 19759.

Decided Dec. 20, 2010.

**2**

Nate Muhammad, pro se.

KEOUGH, KATHLEEN ANN, Judge.

{¶ 1} Magistrate's decision, including findings of fact and conclusions of law, is hereby approved and confirmed.

{¶ 2} Judgment is for defendant on the complaint at plaintiff's costs.

### Findings of Fact

{¶ 3} In a letter dated July 16, 2009, the Internal Revenue Service ("IRS") told plaintiff that his 2005 Federal income tax return was "frivolous * * * [with] no basis in the law [and] reflects a desire to delay or impede the administration of Federal tax laws."

{¶ 4} Plaintiff is now suing the IRS, a bureau of the United States Department of the Treasury, in the Small Claims division of this court. According to his complaint, he seeks $123.03 for the "cost of fees expended in exhausting administrative remedies to wit, mail postage and notary presentments," and alleges that "defendant has defaulted in this matter."

### Conclusions of Law

{¶ 5} At trial, a court must determine the credibility of witnesses and the weight to be given the evidence. *In re Lieberman* (1955), 163 Ohio St. 35, 125 N.E.2d 328; *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 219 N.E.2d 221. The quality of evidence is more important than its quantity. If trial testimony or other evidence is in conflict, the court must decide which to believe. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Plaintiff was generally not a credible witness; defendant did not appear.

3

{¶ 6} As this court noted in a similar case, "[i]t is hard to know how to approach the virtually impenetrable wall of legalistic gibberish which [plaintiff] has erected." *State v. Bob Manashian Painting,* 121 Ohio Misc.2d 99, 2002-Ohio-7444, 782 N.E.2d 701. In his pleadings and in past correspondence with the IRS, attached to his complaint, plaintiff refers to himself as an "authorized representative" of himself, makes a "request for notarial protest," invokes the jurisdiction of an "international tribunal" under the Universal Postal Union, and has written several nonsensical documents including a "notice of dishonor," a "notice of protest and opportunity to cure," and a "notary certificate of dishonor and non-response." At trial, under oath, he denied that he was a United States citizen and made several statements revealing his profound misunderstanding of the law.

{¶ 7} The IRS is a federal agency, governed by federal law. Unless Congress clearly provides otherwise, state and municipal courts enjoy concurrent jurisdiction over claims arising under federal law. *Gulf Offshore Co. v. Mobil Oil Corp.* (1981), 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784; *California v. Arizona* (1979), 440 U.S. 59, 99 S.Ct. 919, 59 L.Ed.2d 144. Nothing in the concept of the federal system prevents state courts from enforcing rights created by federal law. *Charles Dowd Box Co. v. Courtney* (1962), 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483. The Supreme Court of Ohio has recognized that the courts of this state enjoy such power. *Herbst v. Resolution Trust Corp.* (1993), 66 Ohio St.3d 8, 607 N.E.2d 440; *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056.

{¶ 8} Although, as noted above, no one appeared at trial on behalf of the IRS, default judgments typically may not be granted against the United States or its agencies. *United States v. Texas* (1993), 507 U.S. 529, 113 S.Ct. 1631, 123 L.Ed.2d 245; *United States v. Sherman* (1879), 98 U.S. 565, 25 L.Ed. 235; see also Fed.R.Civ.P. 55(d); Civ.R. 55(D). The Supreme Court of the United States has upheld the constitutionality of the income-tax laws enacted since ratification of the Sixteenth Amendment to the United States Constitution. *Brushaber v. Union Pacific RR. Co.* (1916), 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493. The procedures contained in the Internal Revenue Code fully satisfy the due-process rights of taxpayers. *Phillips v. Commissioner* (1931), 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. Moreover, contrary to his assertions, plaintiff is a citizen of the United States unless and until he undertakes those steps provided under federal law for revocation of citizenship, and, incidentally, subjects himself to deportation. Fifteenth Amendment to the United States Constitution; 8 U.S.C. 1229, 1481; see also *Afroyim v. Rusk* (1967), 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757; *Manashian,* 121 Ohio Misc.2d 99, 2002-Ohio-7444, 782 N.E.2d 701, ¶ 28.

{¶ 9} The court is not persuaded that plaintiff has any cause of action against the IRS, which has simply required him to provide additional tax information. The IRS has warned plaintiff that it may otherwise impose a financial penalty for filing a frivolous tax return; it is within its legal rights to do so. 26 U.S.C. 6702(c). Plaintiff may also ultimately be imprisoned or fined if convicted of tax evasion. 26 U.S.C. 7201. In the court's view, plaintiff would be wise to heed the IRS's warning and to promptly comply with its lawful requirements.

{¶ 10} Plaintiff has failed to prove his case by a preponderance of the evidence. Judgment for defendant on the complaint at plaintiff's costs.

So ordered.