[Cite as *Tarver v. IRS Dept.*, 2016-Ohio-3199.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| JOHN R. TARVER | : | |
| | : | Appellate Case No. 26741 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 15-CV-1683 |
| v. | : | |
| | : | (Civil Appeal from |
| IRS DEPARTMENT | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of May, 2016.

. . . . . . . . . . .

JOHN R. TARVER, 177 Hanna Avenue, Dayton, Ohio 45417
        Plaintiff-Appellant, pro se

IRS Department, 200 West Second Street, Dayton, Ohio 45402
        Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Plaintiff-appellant, John R. Tarver, appeals, pro se, from the dismissal of his complaint. The trial court dismissed Tarver's complaint, sua sponte, upon the ground that it has no subject-matter jurisdiction over the dispute. The complaint was dismissed before any answer or responsive pleading was filed. Defendant-appellee, Internal Revenue

Service, has not filed a brief or any other pleading in this court. We conclude that the trial court erred by not giving Tarver any prior notice of its intent to dismiss the action or any opportunity to respond or to amend the complaint.

## I. The Standard of Review

{¶ 2} A trial court's summary dismissal of an action is reviewed to determine if the court abused its discretion. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 160-161, 656 N.E.2d 1288 (1995). A court abuses its discretion by acting in a manner that is unreasonable, arbitrary or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). A trial court decision is unreasonable if not supported by a sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 3} We recognize that a trial court's dismissal for lack of jurisdiction is generally made following a motion to dismiss pursuant to Civ.R. 12(B)(1), which is reviewed de novo. *Crosby-Edwards v. Morris*, 10th Dist. Franklin No. 09AP-152, 2009-Ohio-2994, ¶ 7, citing *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 6. However, since no motion was filed in the trial court, and Tarver was given no opportunity to respond to a motion, the issue in this appeal is the court's exercise of discretion to sua sponte dismiss the complaint without prior notice and an opportunity to be heard.

## II. The Trial Court Erred by Dismissing Without Prior Notice

{¶ 4} We have held that "[t]he court may not sua sponte enter an order dismissing

a case on its merits involuntarily absent prior notice to the affected parties." *Owens v. Bailar*, 2d Dist. Champaign No. 2008CA29, 2009-Ohio-2741, ¶ 12, citing *Ohio Furniture Co. v. Mindala,* 22 Ohio St.3d 99, 488 N.E.2d 881 (1986). In *Ohio Furniture*, the Supreme Court of Ohio stated: "We hold that the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, * * *. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Id.* at 101. *See also Klaus v. Klosterman*, 10th Dist. No. 14AP-960, 2015-Ohio-2545, 39 N.E.3d 780, ¶ 27.

{¶ 5} "In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.,* 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). A trial court errs when it dismisses a complaint "sua sponte, without first notifying all parties of its intent." *Mayrides v. Franklin Cty. Prosecutor's Office,* 71 Ohio App.3d 381, 384, 594 N.E.2d 48 (10th Dist.1991). "The notice requirement exists in order to insure that, to the extent possible, cases are decided on the merits and that a party facing dismissal is given the opportunity to obey the court order in question by either curing the defect, proceeding with the matter or voluntarily dismissing the case without prejudice." *Sweeny v. Petro*, 8th Dist. Cuyahoga No. 75580, 2000 WL 640611 (May 18, 2000) citing, *Perotti v. Ferguson*, 7 Ohio St.3d 1, 454 N.E.2d 951 (1983); *Metcalf v. Ohio State Univ. Hosp.*, 2 Ohio App.3d 166, 441 N.E.2d 299 (10th Dist.1981); *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128, 647 N.E.2d 1361 (1995).

{¶ 6} "A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants." *Mayrides* at 383. "It places the court in the role of a proponent rather than an independent entity." *Id*. "Sua sponte dismissals also prejudice

[plaintiffs] as they deny any opportunity to respond to the alleged insufficiencies." *Id*. at 384. *See also Robinson v. Vanex Tube Corp.*, 11th Dist. Trumbull No. 2014-T-0087, 2016-Ohio-268, ¶ 20-21, citing *Moore v. Houses on the Move, Inc.*, 177 Ohio App.3d 585, 2008-Ohio-3552, 895 N.E.2d 579, ¶ 12-13 (8th Dist.). We agree with the Tenth District Court of Appeals that "these dismissals frustrate appellate review. In this case, it is unclear from the court's terse order why the dismissal was granted. * * * If the court had given the parties notice of its intent, the record would be more fully developed and this court could better determine the basis for the trial court's judgment." *Mayrides* at 384.

{¶ 7} Courts have recognized an exception to the rule requiring notice prior to dismissal when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Edwards*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). "Sua sponte dismissal of a case on the merits without [prior] notice is appropriate only if the complaint is frivolous or the claimant 'obviously cannot prevail' on the facts alleged in the complaint." *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 11, citing *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3, quoting *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, and citing *State ex rel. Duran v. Kelsey,* 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

{¶ 8} We recognize that a different analysis may be appropriate for dismissals based on lack of jurisdiction, rather than a dismissal based on the failure to state a claim. We do agree that the trial court has the right, if not the duty, to satisfy itself that it has jurisdiction before deciding a case on the merits. However, once the trial court sua sponte raises the question of its jurisdiction, the trial court should give notice of the court's

intention to dismiss and an opportunity to respond. *See, e.g.*, *Diley Ridge Med. Ctr. v. Fairfield Cty. Bd. of Revision*, 141 Ohio St.3d 149, 2014-Ohio-5030, 22 N.E.3d 1072, ¶ 24 (Board could have issued a show-cause or similar order that would have called for briefing and submission of proof on the issue of standing). In the case before us, the trial court did not provide Tarver with any notice or opportunity to respond to its intention to dismiss.

{¶ 9} Although Tarver's complaint lacks specificity, we cannot conclude from the face of his complaint that his claims are frivolous or that he cannot possibly prevail on the facts alleged in the complaint without a determination as to the nature or merits of his claim. The trial court did not address the nature of Tarver's claims or give him time to clarify his pleadings.

{¶ 10} State courts "presumptively enjoy" concurrent jurisdiction with federal courts over claims arising under federal law, including claims involving the Constitution of the United States, unless Congress has specified exclusive jurisdiction of a particular court in the law that is the subject of the action. *Herbst v. Resolution Trust Corp.*, 66 Ohio St.3d 8, 10, 607 N.E.2d 440, (1993), citing *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 138, 573 N.E.2d 1056 (1991). If Tarver is attempting to challenge the constitutionality of the IRS or a specific practice of the IRS, an Ohio court may have concurrent jurisdiction with a federal court to hear the claim. Without more information regarding the nature of Tarver's claim, we cannot determine which part of the Internal Revenue Code may apply. For a taxpayer's attempt to avoid paying interest on a penalty, the Supreme Court of the United States held that 26 U.S.C. 6404(h) of the Internal Revenue Code vests exclusive jurisdiction in the U.S. Tax Court to review interest abatement claims against the IRS. *Hinck v. United States*, 550 U.S. 501, 506, 127 S.Ct.

2011, 167 L.Ed.2d 888 (2007). The Court also recognized that different provisions of the Internal Revenue Code vest concurrent jurisdiction over different types of tax issues with the federal District Courts and the Court of Federal Claims. *Id.* at 506. In *EC Term of Years Trust v. U.S.*, the Supreme Court of the United States discussed the statutory authority of the federal district courts to hear a wrongful levy claim under 26 U.S.C 7426(a)(1), and the concurrent jurisdiction of the federal district courts and the Court of Federal Claims to hear a tax-refund claim under 26 U.S.C.1346(a)(1), for any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. 550 U.S. 429, 432, 127 S.Ct. 1763, 167 L.Ed.2d 729 (2007).

{¶ 11}  In an action similar to the case before us, the Cleveland Municipal Court accepted jurisdiction over a claim against the IRS, allowed it to go to trial, and then found that the plaintiff had failed to prove his case by the preponderance of the evidence. *Muhammed v. Treasury Dept. Internal Revenue Serv.*,167 Ohio Misc.2d 1, 2010-Ohio-6722, 962 N.E.2d 393 (M.C.). The Cleveland court held:

> The IRS is a federal agency, governed by federal law. Unless Congress clearly provides otherwise, state and municipal courts enjoy concurrent jurisdiction over claims arising under federal law. *Gulf Offshore Co. v. Mobil Oil Corp.* (1981), 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784; *California v. Arizona* (1979), 440 U.S. 59, 99 S.Ct. 919, 59 L.Ed.2d 144. Nothing in the concept of the federal system prevents state courts from enforcing rights created by federal law. *Charles Dowd Box Co. v. Courtney* (1962), 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483. The Supreme Court of Ohio has recognized that the courts of this state enjoy such power. *Herbst*

*v. Resolution Trust Corp.* (1993), 66 Ohio St.3d 8, 607 N.E.2d 440; *Elek v. Huntington Natl. Bank* (1991), 60 Ohio St.3d 135, 573 N.E.2d 1056.

" * * *

The Supreme Court of the United States has upheld the constitutionality of the income-tax laws enacted since ratification of the Sixteenth Amendment to the United States Constitution. *Brushaber v. Union Pacific RR. Co.* (1916), 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493. The procedures contained in the Internal Revenue Code fully satisfy the due-process rights of taxpayers. *Phillips v. Commissioner* (1931), 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. Moreover, contrary to his assertions, plaintiff is a citizen of the United States unless and until he undertakes those steps provided under federal law for revocation of citizenship, and, incidentally, subjects himself to deportation. Fifteenth Amendment to the United States Constitution; 8 U.S.C. 1229, 1481; see also *Afroyim v. Rusk* (1967), 387 U.S. 253, 87 S.Ct. 1660, 18 L.Ed.2d 757; S*tate v. Bob Manashian* Painting, 121 Ohio Misc.2d 99, 2002-Ohio-7444, 782 N.E.2d 701, ¶ 28.

" * * *

The court is not persuaded that plaintiff has any cause of action against the IRS, which has simply required him to provide additional tax information. The IRS has warned plaintiff that it may otherwise impose a financial penalty for filing a frivolous tax return; it is within its legal rights to do so. 26 U.S.C. 6702(c). Plaintiff may also ultimately be imprisoned or fined if convicted of tax evasion. 26 U.S.C. 7201. In the court's view, plaintiff

would be wise to heed the IRS's warning and to promptly comply with its

lawful requirements.

*Muhammed* at ¶ 7-9.

{¶ 12} Without a better understanding of the nature of Tarver's complaint, we cannot conclude that the trial court lacked concurrent jurisdiction with a federal court regarding a claim that may be based on federal law or the constitution. Our attempt to address the nature or merits of Tarver's claim at this time would be premature. However, we note that the allegations in Tarver's complaint refer to a claim involving the federal agency that administers social security benefits, and a state agency, the Ohio Department of Job and Family Services. Tarver attached documents to his complaint indicating that after an administrative appeal hearing on a matter involving food assistance, the cause was remanded to the Ohio Bureau of State Hearings in order to clarify the nature of Tarver's claim. The administrative appeal decision specifically informed Tarver that he could appeal the decision to the court of common pleas. If Tarver were given an opportunity to amend his pleadings, the trial court may discover that Tarver's claim is not against the IRS, but is an administrative appeal of a state agency decision. Notice and an opportunity to be heard before dismissing an action furthers the constitutional principle that "[e]very citizen of Ohio enjoys a fundamental right to civil redress in a court of law." *Gooslin v. Fortado,* 80 Ohio App.3d 373, 376, 609 N.E.2d 235 (9th Dist.1992), citing Section 16, Article I, Constitution of Ohio. "When courts address cases on the merits of the claims and defenses at issue, they better serve the interests of justice and preserve the litigant's right to redress." *Hobbs v. Lopez*, 4th Dist. Scioto No. 95CA2343, 1995 WL 769266, (Dec. 27, 1995), citing *Moore v. Emmanuel Family Training Ctr.*, Inc., 18 Ohio

St.3d 64, 70, 479 N.E.2d 879 (1985).

## III. Conclusion

{¶ 13}  The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

John R. Tarver
IRS Department
Hon. Barbara P. Gorman